******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

PALMER, J., concurring in the judgment. I agree with and join part I of the majority opinion,[1] in which the majority concludes that there was insufficient evidence of serious physical injury to support the conviction of the defendant, Divenson Petion, on one of two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). Although I concur in the judgment, I do not join part II of the majority opinion, in which the majority rejects the state's request to modify the judgment of conviction to reflect the defendant's conviction of the lesser included offense of assault in the second degree in violation of General Statutes § 53a-60 (a) (2) in light of this court's reversal of the defendant's conviction of first degree assault on the basis of evidentiary insufficiency.

I continue to maintain my view that *State* v. *LaFleur*, 307 Conn. 115, 151–54, 51 A.3d 1048 (2012), in which this court effectively adopted a bright line rule requiring that a conviction be vacated under the present circumstances, was wrongly decided. See id., 164–66 (*Palmer, J.*, dissenting). As I explained in my dissenting opinion in *LaFleur*, the majority in that case employed a flawed analysis that failed to account for the fact that the categorical rule it adopted—albeit while claiming to adopt a fairness based, case-by-case approach, a claim that, as the majority in the present case candidly acknowledges, is groundless—penalizes the state for failing to request a charge on the lesser included offense, even though the defendant himself had the absolute right to seek and obtain such an instruction, and irrespective of whether the defendant suffered any prejudice as a result of that omission. Id., 181–85 (*Palmer, J.*, dissenting). In so doing, the rule "bestows a windfall on the wholly undeserving defendant—and does so at the expense of the victim of the assault, the state and the general public—without any countervailing public benefit." Id., 165 (*Palmer, J.*, dissenting).

That having been said, *LaFleur* was the governing law at the time of trial in the present case, and the defendant was entitled to rely on that law when he opted against seeking a lesser included offense instruction. Therefore, even if I would favor overruling *LaFleur*, I would do so prospectively only. Accordingly, I agree that the defendant's conviction on one of two of the first degree assault counts should be reversed and concur in the judgment.

[1] Although I agree with and join part I of Justice McDonald's opinion, and concur in the judgment, for reasons stated hereinafter, I do not join part II of Justice McDonald's opinion. Therefore, that opinion, in which Justices Kahn and Ecker join, is technically not a majority opinion but, rather, an opinion announcing the judgment of the majority of this court. In the interest of simplicity, however, I refer to that opinion as the majority opinion.